STEPHAN E. KYLE (SBN 158075)
KYMBERLY E. SPEER (SBN 121703)
KENNEY & MARKOWITZ L.L.P.
255 California Street, Suite 1300
San Francisco, CA 94111
Telephone:  (415) 397-3100
Facsimile:  (415) 397-3170
Email:  skyle@kennmark.com
kspeer@kennmark.com

Attorneys for Plaintiffs
DANIEL T. SHANKS, ROBERT G. MERRITT,
JOHN ALEXANDER WEBBER AND
JOSE ONASSIS NOVICIO TAGUNICAR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION – ECF PROGRAM

| | |
|---|---|
| DANIEL T. SHANKS,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, INC., and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV-08-03694 SC;<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED; DECLARATION OF KYMBERLY E. SPEER; PROPOSED ORDER**<br><br>**(LOCAL RULE 7-11)** |
| ROBERT G. MERRITT,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, INC., and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV-08-03693 JCS; |

| | |
|---|---|
| JOHN ALEXANDER WEBBER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, INC. and<br>DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE NO. CV-08-03692 SBA |
| JOSE ONASSIS NOVICIO TAGUNICAR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL, INC., and<br>DOES 1-10, inclusive,<br><br>　　　　Defendants. | CASE NO. CV-08-03691 JL |

**ADMINISTRATIVE MOTION TO CONSIDER**
**WHETHER CASES SHOULD BE RELATED**

Plaintiffs Daniel Shanks, Robert G. Merritt, John Alexander Webber and Jose Onassis Novicio Tagunicar hereby move the Court for an order finding that the cases captioned above are related. <u>This motion is brought in each of the actions captioned above.</u> The grounds for the motion are as follows:

• All four actions concern substantially the same parties, property, transaction or event: Plaintiffs Shanks, Webber, Merritt and Tegunicar are former executives with defendant Washington Mutual, Inc. ("WaMu"). Their employment with WaMu was subject to substantially identical "Change in Control" agreements ("CIC") governing payments to which the plaintiffs were entitled upon termination of their employment for reasons other than "for cause" or "disability." All four plaintiffs allege that WaMu failed to properly calculate and pay them the sums due under their respective CICs. *See* "Notice of Related Actions" filed by plaintiff Daniel Shanks in Case No. CV-08-03694 SC on August 7, 2008, and attached to this motion as Exhibit A.

Kenney &
Markowitz
L.L.P.

1     •   Given that four different judges have been assigned to these cases, it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges.

    •   Of the four actions captioned above, the case filed by plaintiff Daniel Shanks (Case No. CV-08-03694 SC) has been assigned the most recent case number. Accordingly, under Local Rule 3-12(b), the Shanks action should become the "lead" case if the four actions are deemed related.

Plaintiffs have not obtained a stipulation to relate these matters because defendant WaMu was only recently served and has not yet appeared in this action on any of the four cases. Nevertheless, plaintiffs submit that an order to relate the four actions is appropriate at this time. Having the four actions related under Rule 3-12 will avoid duplication of effort and associated cost savings at the earliest opportunity.

For the foregoing reasons, plaintiffs respectfully request that this Administrative Motion be granted.

DATED: August 25, 2008

KENNEY & MARKOWITZ L.L.P

By: _____
STEPHAN E. KYLE
KYMBERLY E. SPEER
Attorneys for Plaintiffs
DANIEL T. SHANKS, ROBERT G. MERRITT, JOHN ALEXANDER WEBBER AND JOSE ONASSIS NOVICIO TAGUNICAR

## DECLARATION OF KYMBERLY E. SPEER

I, Kymberly E. Speer, declare:

1. I am a partner in Kenney & Markowitz, LLP, counsel of record for each of the four plaintiffs in the actions captioned above.

2. The four actions that are the subject of this motion are substantially identical factually and legally. The individual "Change in Control" agreements on which each action is based have substantially identical terms. The four cases differ only in the value of the components of individual compensation that should have been used to calculate the plaintiffs' severance payments under the formula common to all of the CICs.

3. This is a diversity action. WaMu was served with all four complaints under California rules (CCP 415.40) by mailing copies of each summons/complaint to Stephen J. Rotella, President, Washington Mutual, Inc., by first class, certified mail, return receipt requested. The returned receipt reflects that the service package was received and acknowledged on August 12, 2008. Service of process on WaMu therefore was complete as of August 22, 2008, under CCP 415.40. WaMu has not yet responded to any of the Complaints, nor has WaMu responded to the pre-lawsuit correspondence sent by this office.

4. Attached to this declaration is a true and correct copy of the "Notice of Related Actions" filed by plaintiff Daniel Shanks in Case No. CV-08-03694 SC on August 7, 2008.

I have personal knowledge of the foregoing facts and, if called as a witness, would competently testify to their truth. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed August 25, 2008 at San Francisco, California.

_____
Kymberly E. Speer

## ORDER

Good cause appearing therefore, IT IS HEREBY ORDERED that the following four cases:

*Shanks v. Washington Mutual, Inc.*, Case No. CV-08-03694 SC
*Merritt v. Washington Mutual, Inc.*, Case No. CV-08-03693 JCS
*Webber v. Washington Mutual, Inc.*, Case No. CV-08-03692 SBA
*Tagunicar v. Washington Mutual, Inc.*, Case No. CV-08-03691 JL

are deemed related as defined by Civil L.R. 3-12(b). Pursuant to Civil L.R. 3-12(e), the Clerk of Court is ordered to reassign the later-filed action to the undersigned. Counsel are instructed that all future filings are to bear the initials SC immediately after the case number.

Dated:

_____
UNITED STATES DISTRICT COURT

EXHIBIT "A"

1  STEPHAN E. KYLE (SBN 158075)
   KYMBERLY E. SPEER (SBN 121703)
2  KENNEY & MARKOWITZ L.L.P.
   255 California Street, Suite 1300
3  San Francisco, CA 94111
   Telephone:   (415) 397-3100
4  Facsimile:   (415) 397-3170

5  Attorneys for Plaintiff
   DANIEL T. SHANKS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION – E-FILING

| DANIEL T. SHANKS,                          | CASE NO. CV-08-03694 SC   |
|--------------------------------------------|---------------------------|
| Plaintiff,                                 | **NOTICE OF RELATED CASES** |
| v.                                         |                           |
| WASHINGTON MUTUAL, INC. and Does 1-10, inclusive, |                    |
| Defendants.                                |                           |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Northern District Local Rule 3-12(b), this action is related to Case Nos. C 08-03693 JCS, C 08-03692 SBA and C 08-03691 JL, United States District Court, Northern District of California.

**RELEVANT FACTS**

Plaintiff Daniel T. Shanks formerly was an executive with Providian Bancorp Services. His employment with the company was subject to a "Change in Control" agreement ("CIC")

Kenney & Markowitz L.L.P.

{31440.301949 0134531.DOC}                 -1-
NOTICE OF RELATED CASES
CASE NO. CV-08-03694 SC

1  which specified that, in the event Providian's ownership changed and plaintiff's employment was
2  terminated for reasons other than "for cause" or "disability," plaintiff would be entitled to certain
3  payments.  In due course Providian was merged with and into defendant Washington Mutual.
4  Thereafter, plaintiff's employment terminated and triggered the severance payment provisions of
5  the CIC.  Plaintiff's lawsuit in this Court alleges that defendant failed to properly calculate and
6  pay him the sums due under the CIC during his employment with and after his termination from
7  Washington Mutual.

8  The plaintiffs in the related cases listed above are John Alexander Webber (Case No. 08-
9  CV-3692 SBA), Jose Onassis Novicio Tagunicar (Case No. 08-CV-3691 JL), and Robert G.
10 Merritt (Case No. 08-CV-3693 JCS.)  These plaintiffs, like plaintiff Shanks, were executives at
11 Providian who entered into substantially identical CIC agreements and, during their employment
12 with and after their termination from successor Washington Mutual, were underpaid in violation
13 of their individual CICs.

## GROUNDS FOR NOTICE OF RELATED CASE

All of these cases arise from underlying contracts that substantively are the same; plaintiffs allege the same types of damages (underpayment of sums due under substantively identical "Change in Control" agreements); and all cases involve the same defendant (Washington Mutual) and no others other than unspecified fictitiously-named defendants.

DATED: August 7, 2008

KENNEY & MARKOWITZ L.L.P

By: _____
STEPHAN E. KYLE
KYMBERLY E. SPEER
Attorneys for Plaintiff
DANIEL T. SHANKS

Kenney
&
Markowitz
L.L.P.

{31440.301949 0134531.DOC}               -2-
                          NOTICE OF RELATED CASES
                          CASE NO. CV-08-03694 SC